## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD. d/b/a REALTREE, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| COMFRT, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Defendant. | ) ) ) ) | |

### PLAINTIFF JORDAN OUTDOOR ENTERPRISES, LTD.'S COMPLAINT

Plaintiff Jordan Outdoor Enterprises, Ltd. d/b/a Realtree ("Realtree"), by and through its undersigned counsel, for its Complaint against COMFRT, LLC ("COMFRT"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action seeking damages and injunctive relief against COMFRT for its (i) infringement of Realtree's registered copyrights; (ii) for falsification, removal, or alteration of copyright management information in violation of the Digital Millennium Copyright Act ("DMCA"), including 17 U.S.C. § 1202; (iii) for false designation of origin in violation of 15 U.S.C. § 1125(a); (iv) for unfair competition in violation of 15 U.S.C. § 1125(a); (v) for trademark infringement in violation of 15 U.S.C. § 1125(a); and (vi) for common law unfair competition.

2. Realtree is a leader in the camouflage industry, with over 850 licensees selling various products bearing Realtree's copyrighted patterns and using Realtree's trademarks.

3. Realtree's copyrighted patterns, including its AP HD and Edge patterns at issue here, are known for their detailed arrangement of elements that generate a realistic and lifelike overall appearance.

4. The AP HD and Edge patterns are illustrated below.

1




*Edge*

*AP HD*

5.      COMFRT has recently begun selling various camouflage versions of its clothing products, selling Timber, Woodland, White Oak, and Petal Pink Oak versions of its products.

6.      Each of these versions is strikingly similar to Realtree's AP HD and Edge patterns.




*Timber*

*Petal Pink Oak*

2



*Woodland*



*White Oak*

7.      COMFRT offers at least one of these versions for its hoodies, zip hoodies, kids hoodies, tee shirts, crew sweatshirts, sweatpants, straight leg sweatpants, shorts, kids sweatpants, and even a hoodie sized for dogs.

8.      One of COMFRT's own brand ambassadors discussed a Timber version of COMFRT's camo zip hoodie and the straight leg sweatpants of the infringing products and stated, "This is hands down the most real looking camo they've ever released! I mean it's just so woodsy!"[1] Other advertisements and posts are filled with similar statements showing the importance of the patterns.

9.      In making its products, COMFRT also knowingly removed Realtree's names, trademarks, and other copyright management information that was embedded within the copyrighted patterns.

10.     On information and belief, COMFRT was the one that accessed, designed, or selected the patterns for the design.

11.     Certain Woodland products for COMFRT show that the products are "Designed in the U.S.A." and "Made in China" as shown below.[2]

---

[1] https://www.facebook.com/ads/library/?id=804581362396370 (last accessed March 27, 2026).
[2] https://www.facebook.com/ads/library/?id=2006642046580264 (last accessed March 27, 2026) (see 0:15 second mark).



12.     In addition to infringing one of Realtree's copyrighted patterns, the Timber version of COMFRT's camouflage products also infringes upon Realtree's trademark in the term "Timber," which Realtree uses on another one of its camouflage patterns.

13.     Realtree seeks all remedies afforded by the Copyright Act and the DMCA, including, without limitation, injunctive relief, Realtree's actual damages, COMFRT's profits from its infringing conduct, statutory damages under the Copyright Act of $150,000.00 for each of Realtree's works that COMFRT infringed, statutory damages under the DMCA of $25,000.00 for each of multiple violations of 17 U.S.C. § 1202, treble damages, attorneys' fees, and other available monetary relief.

14.     Realtree also seeks all remedies afforded by the Lanham Act and 15 U.S.C. § 1117, including, without limitation, COMFRT's profits from its infringing conduct, Realtree's actual damages, statutory damages, attorneys' fees, and other available monetary relief.

## PARTIES

15. Realtree is a Georgia corporation having its principal place of business at 1390 Box Circle, Columbus, Georgia, 31907.

16. COMFRT is a Delaware limited liability company with a principal place of business at 1657 N Miami Avenue, Filing Station Lofts, Apt. 816, Miami, FL 33136.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under (i) 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because Realtree alleges COMFRT violated the Copyright Act of 1976, 17 U.S.C. § 101, et seq.

18. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because (i) claims herein arise out of federal trademark laws as codified in 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) (*i.e.*, trademark infringement, false designation of origin, and unfair competition); and (ii) the unfair competition claim herein is brought with and is related to the substantial claims based on trademark laws.  This Court also has supplemental jurisdiction over Realtree's claims arising under common law or state law pursuant to 28 U.S.C. § 1367(a) because the claims are so related to Realtree's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

19. COMFRT is a Delaware Limited Liability Company.

20. This Court has personal jurisdiction over COMFRT because COMFRT transacts business within Florida, has its principal place of business in Florida, and has sufficient minimum contacts with Florida to satisfy due process.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because COMFRT has its principal place of business in this District and regularly conducts business in this District.

## REALTREE'S COPYRIGHTS

22.     Realtree owns all right, title and interest in the Realtree® line of camouflage patterns.

23.     The Realtree® camouflage patterns are among the most famous and well-known camouflage patterns in the United States.

24.     Since at least as early as September 1985, Realtree, its predecessors in interests, and its licensees have used the trademark Realtree® on various types of goods that incorporate camouflage patterns thereon, including soft goods such as fabrics, including cotton, wool, and/or synthetic fabrics, and hard goods having hard surfaces.

25.     Realtree and its licensees have extensively promoted goods bearing the Realtree® trademark in print, digital, and television advertising and otherwise.

26.     Realtree owns all right, title, and interest in an original pattern design entitled "ALL-PURPOSE HIGH DEFINITION (AP HD)" ("REALTREE® AP HD") pattern.

27.     An initial copyright was registered in the United States Copyright Office under Certificate of Copyright Registration No. Vau 649-927 on October 18, 2004 for various elements of the REALTREE® AP HD pattern.

28.     A copy of Certificate of Copyright Registration No. Vau 649-927 and the associated deposit that was submitted to the United States Copyright Office are attached hereto as Exhibit 1.

29.     An additional copyright was registered in the United States Copyright Office under Certificate of Copyright Registration No. VAu695-380 on April 24, 2006 to further elements of the REALTREE® AP HD pattern, with this copyright protecting a derivative work based on the earlier copyright registration No. Vau 649-927.

30.     A copy of Certificate of Copyright Registration No. Vau 695-380 and the associated deposit that was submitted to the United States Copyright Office are attached hereto as Exhibit 2.

31.     Realtree has published the REALTREE® AP HD pattern covered by the copyright and registration by selling, publicly distributing, advertising, and licensing products bearing the pattern.

32.     A sample of the REALTREE® AP HD pattern from the Realtree website is shown below:



33.     The copyright in this REALTREE® AP HD pattern was registered within 5 years of its publication and constitutes prima facie evidence of the validity of the copyright.

34.     Furthermore, the REALTREE® AP HD pattern includes a specific "arrangement of colors and shapes" that supports a finding that the REALTREE® AP HD pattern is "sufficiently creative to be entitled to copyright protection."

35.     Copyright management information is included throughout the color image to identify at least the title and other information identifying the work and to identify Realtree as the

7

copyright owner of the work.

36.     For example, copyright management is shown, at least, in areas A1–H1 in the image shown below:



37.     An enhanced view of area A1 is shown below:



38.     An enhanced view of area B1 is shown below:



39.     An enhanced view of area C1 is shown below:



40.     An enhanced view of area D1 is shown below:

9



41.     An enhanced view of area E1 is shown below:



42.     An enhanced view of area F1 is shown below:



43.     An enhanced view of area G1 is shown below:



44.     An enhanced view of area H1 is shown below:



45.     As shown above, the sample repeat of the REALTREE® AP HD pattern from the Realtree website includes both the REALTREE® and AP marks, including the notice of registration for the REALTREE® mark.

46.     Realtree also owns all right, title, and interest in an original pattern design entitled "Realtree Edge Camouflage Pattern."

47.     The Realtree Edge Camouflage Pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. Vau 1-278-793 on November

11

14, 2016.

48.     A copy of the copyright registration for the Realtree Edge Camouflage Pattern is attached hereto as Exhibit 3.

49.     The Realtree Edge Camouflage Pattern and the REALTREE® AP HD patterns are referred to collectively herein as the "Copyrighted Patterns."

50.     Realtree has published the Realtree Edge Camouflage Pattern covered by the copyrights and registrations by selling, publicly distributing, and licensing products bearing the pattern.

51.     The copyrighted Realtree Edge Camouflage Pattern is shown below:



52.     The copyrights in the Realtree Edge Camouflage Pattern  were registered within five years of their publication and constitute prima facie evidence of the validity of the copyrights.

53.     Furthermore, the Realtree Edge Camouflage Pattern includes specific arrangements of colors and shapes that support a finding that the Realtree Edge Camouflage Pattern is

"sufficiently creative to be entitled to copyright protection."

54.     Copyright management information is included throughout the color image to identify at least the title and other information identifying the work and to identify Realtree as the copyright owner of the work.

55.     For example, copyright management is shown, at least, in areas A2–G2 in the image shown below:



56.     An enhanced view of area A2 is shown below:



57.     An enhanced view of area B2 is shown below:



58.    An enhanced view of area C2 is shown below, first as it is oriented above and also with the area being rotated clockwise ninety degrees:

 

59.    An enhanced view of area D2 is shown below:



60.    An enhanced view of area E2 is shown below, first as it is oriented above and also with the area being rotated counter-clockwise ninety degrees:

14



61.     An enhanced view of area F2 is shown below, first as it is oriented above and also with the area being rotated clockwise 90 degrees:



62.     An enhanced view of area G2 is shown below, first as it is oriented above and also with the area being rotated clockwise 180 degrees:



63.      As shown above, the sample repeat of the Realtree Edge Camouflage Pattern from the Realtree website includes both the REALTREE Edge Logo and the REALTREE Logo.

## REALTREE'S TRADEMARK

64.     Realtree is the exclusive owner of common law trademark rights in the TIMBER word mark (the "TIMBER Mark") as used on camouflage clothing products such as hoodies,

pullovers, sweatpants, jackets, long sleeve and short sleeve shirts, vests, and the like.

65.  Realtree is a leader in the camouflage industry with over 850 licensees selling various products bearing Realtree's trademarks, with the TIMBER Mark being one of those trademarks.

66.  For example, Realtree sells and licenses others such as DSG Outerwear,[3] Mahco (which does business as Habit Outdoors),[4] and Frogg Toggs,[5] to make and sell, pullovers, pants, hooded jackets, rain suits, using the TIMBER Mark in the name.

67.  These companies use the TIMBER Mark. For example, DSG Outerwear sells products by referring to the color of the product as "Realtree Timber"

68.  These companies are merely examples of particular licensees for the TIMBER Mark, and other licensees also sell products bearing this mark.

69.  This trademark is protected under Section 43(a) of the Lanham Act.

70.  Realtree is the sole and exclusive owner of the TIMBER Mark.

71.  The TIMBER Mark is used as a source identifier to identify a particular camouflage pattern for Realtree.

72.  The goodwill associated with TIMBER Mark is an invaluable asset to Realtree.

73.  Realtree has promoted its products under the Realtree name and the TIMBER Mark in the United States since at least September 18, 2018.

74.  Realtree has sold or licensed others to sell products under the TIMBER Mark in the United States and with the State of Florida since at least January 22, 2019.

75.  Realtree has expended considerable effort and resources in promoting and advertising its goods and services under the TIMBER Mark.

---

[3] https://realtree.com/dsg-outerwear-bexley-3-0-hunting-pullover-realtree-camo/dsg-outerwear-bexley-3-0-hunting-pullover-1-realtree-camo?sku=dsg-outerwear-bexley-3-0-hunting-pullover-1-realtree-camo&7561=14678 (last accessed March 27, 2026).
[4] https://realtree.com/habit-kids-scent-factor-hunting-jacket-realtree-camo?sku=habit-youth-scent-factor-hunting-jacket-1&6335=9912 (last accessed March 27, 2026).
[5] https://realtree.com/frogg-toggs-men-s-all-sport-rain-suit/as1310?sku=AS1310&7652=15002 (last visited March 27, 2026).

76.     Since being released, significant revenue has been generated from the sale of products using the TIMBER Mark.

77.     Since being released, a significant amount of money has been spent advertising or promoting products using the TIMBER Mark.

78.     Since products were first released under the TIMBER Mark, Realtree has continuously marketed these products on its website alongside its other camouflage products.[6]

79.     Even when products are sold by other licensees who are authorized to use the TIMBER Mark, Realtree has presented these products on its website to promote these products and the TIMBER Mark.

80.     Additionally, the products sold under the TIMBER Mark include this mark positioned at various locations.

81.     For example, an image is shown below of the Frogg Toggs Men's Classic All Sport Rain Suit using the Timber Camo, with the TIMBER Mark presented at different locations on the product.

---

[6] https://realtree.com/realtree-timber-camo (last accessed March 27, 2026).



82.     Thus, even after the products are sold under the TIMBER Mark, consumers continue to be exposed to the mark.

83.     As a result of this widespread and continuous use and promotion, the TIMBER Mark has become widely associated with Realtree as the source of its goods and services and have become recognizable indicators of Realtree's valuable goodwill and quality to the consuming public.

84.     Realtree has and continues to allocate significant resources to develop and maintain its products' national and international brand and reputation.

18

85.    Through its network of authorized Realtree licensees, Realtree fosters a recognized image as a manufacturer of superior quality products.

86.    The TIMBER Mark, as well as the goodwill arising from this common-law trademark, has not been abandoned.

87.    Realtree continues to preserve and maintain its rights with respect to the TIMBER Mark.

88.    Realtree's products bearing the TIMBER Mark are sold at prominent stores and platforms like Amazon, Wal-Mart, and Sportsman's Warehouse, exposing the products to a large number of customers.

89.    Realtree's products bearing the TIMBER Mark are also sold online on Realtree's website, through various websites for licensees, and other locations.

90.    Realtree also regularly attends different conventions and trade shows where it promotes its camouflage patterns and products having these patterns. For example, Realtree has attended the SHOT Show in various years dating back to at least 1986.[7]

91.    Realtree has also attended the National Wild Turkey Federation Convention.[8]

92.    Realtree's products have been promoted at the Archery Trade Association (ATA) show in various years dating back to at least 2013.[9]

93.    Realtree promotes its camouflage products and patterns on Meta platforms such as Facebook, Instagram, and Threads.

94.    Due in large part to the substantial commercial success of the Realtree Products,

---

[7] https://huckberry.com/journal/posts/the-flint-and-tinder-x-realtree-collaboration-has-landed?srsltid=AfmBOopqqcWWtKk58sUJG991nOmk8ypp6NAb201NAMt5-h91rxYIynKS (last accessed March 26, 2026); https://realtree.com/company-history?srsltid=AfmBOoqc7IL9jp9yGWy0JojCxyG6TdQZH2WqIgjC_VN532ubASNItsZ7 (last accessed March 26, 2026).

[8] https://realtree.com/turkey-hunting/articles/realtree-40th-anniversary-turkey-calls-to-highlight-the-nwtf-convention?srsltid=AfmBOopBDc_xIDb7aDjmwJ29vSXQbn5KTELhVzszLzZ_Exg7tlbzyi-X (last accessed March 27, 2026).

[9] https://www.youtube.com/watch?v=gsBrKC7lT2M (last accessed March 27, 2026); https://www.youtube.com/watch?v=j6MlVo-jVJ0 (last accessed March 27, 2026).

the Realtree brand and the TIMBER Mark are well-known to consumers.

95.     The Realtree brand and the TIMBER Mark have garnered extensive coverage by the media.

96.     Through the extensive use of the TIMBER Mark, Realtree has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand.

97.     Realtree markets its products nationwide, including through its website, and sells its products through its nationwide authorized network.

98.     As a result of all of its efforts, Realtree has built up and developed significant goodwill in its TIMBER Mark.

### COMFRT'S INFRINGING CONDUCT

99.     On information and belief, COMFRT imports, sells, and/or offers for sale clothing and apparel, such as t-shirts, hoodies, shorts, sweatpants, hoodies for dogs, and the like.

100.    COMFRT imports, sells, and/or offers for sale products bearing at least one of Realtree's copyrighted camouflage patterns, including the Copyrighted Patterns, without the authorization of Realtree.

101.    COMFRT had access to Realtree's Copyrighted Patterns on the internet or through other sources.

102.    COMFRT imports, sells, and/or offers for sale camouflage products that bear unauthorized copies of the Copyrighted Patterns thereon, as described herein.

103.    COMFRT has sold and/or continues to sell the products listed in Exhibit 4.

104.    These products infringe the Copyrighted Patterns.

105.    The infringing products include the Timber, Woodland, White Oak, and Petal Pink Oak versions that are available for COMFRT's Camo Hoodie, Camo Zip Hoodie, Camo Kids Hoodie, Camo Tee, Camo Crew, Camo Sweatpants, Camo Straight Leg Sweatpants, Camo Shorts, Camo Kids Sweatpants, and Camo Paw Hoodie.

106.    The infringing products copy the Copyrighted Patterns and/or are a derivative work

thereof.

107.   The patterns used on the infringing products are strikingly similar to the Copyrighted Patterns.

108.   Copyright management information in the Copyrighted Patterns and other marks, was removed from the infringing products.

109.   This copyright management information included the Realtree name and mark, the name of the copyrighted work, and other marks identifying the work.

110.   The Timber version of COMFRT's clothing infringes the Realtree Edge Camouflage Pattern.

111.   The Timber version is provided for COMFRT's Camo Hoodie, Camo Zip Hoodie, Camo Sweatpants, and Camo Straight Leg Sweatpants (the "Infringing Timber Goods").

112.   For example, the Timber version of COMFRT's "Camo Hoodie" copies the Realtree Edge Camouflage Pattern and/or is a derivative work from the Realtree Edge Camouflage Pattern.

113.   The pattern used on the Timber version of COMFRT's "Camo Hoodie"[10] is strikingly similar to the Realtree Edge Camouflage Pattern as illustrated in the side-by-side comparison below.

---

[10] https://comfrt.com/products/the-camo-hoodie?variant=44897160527916&_pos=1&_sid=051e77746&_ss=r (last visited March 27, 2026).

21



114.    Copyright management information in the Realtree Edge Camouflage Pattern was intentionally removed from the Timber version of COMFRT's "Camo Hoodie."

115.    For example, in the images shown below, the copyright management information was removed in at least the identified areas for the Timber version of the "Camo Hoodie."



116.    Similarly, the Woodland version of COMFRT's clothing infringes the Realtree Edge Camouflage Pattern.

117.    The Woodland version is provided for COMFRT's Camo Hoodie, Camo Zip Hoodie, Camo Tee, Camo Crew, Camo Sweatpants, and Camo Shorts.

118.    For example, the Woodland version of the "Camo Hoodie"[11] copies the Realtree Edge Camouflage Pattern and/or is a derivative work from the Realtree Edge Camouflage Pattern.

119.    The pattern used on the Woodland version of COMFRT's "Camo Hoodie" is strikingly similar to the Realtree Edge Camouflage Pattern as illustrated in the side-by-side comparison below.

---

[11] https://comfrt.com/products/the-camo-hoodie?variant=44762744520748&_pos=1&_sid=051e77746&_ss=r (last visited March 27, 2026).

23



120.     Copyright management information in the Realtree Edge Camouflage Pattern was removed from the Woodland version of COMFRT's "Camo Hoodie."

121.     For example, in the images shown below, the copyright management information was removed in at least the identified areas for the Woodland version of the "Camo Hoodie."



122.     Similarly, the Petal Pink Oak version of COMFRT's clothing infringes the REALTREE® AP HD pattern.

123.    A Petal Pink Oak version is provided for COMFRT's Camo Hoodie, Camo Kids Hoodie, Camo Sweatpants, Camo Straight Leg Sweatpants, Camo Shorts, and Camo Kids Sweatpants.

124.    For example, the Petal Pink Oak version of COMFRT's "Camo Kids Hoodie" copies the REALTREE® AP HD pattern and/or is a derivative work thereof.

125.    The pattern used on the Petal Pink Oak version of COMFRT's "Camo Kids Hoodie"[12] is strikingly similar to the REALTREE® AP HD pattern as illustrated in the side-by-side comparison below.



---

[12] https://comfrt.com/products/the-camo-kids-hoodie?variant=45196451708972&_pos=5&_sid=a080cbf69&_ss=r (last accessed March 27, 2026).

 

126. This pattern gets repeated in other portions of the Petal Pink Oak version of the product.

127. Copyright management information in the REALTREE® AP HD pattern was intentionally removed from the Petal Pink Oak version of the "Camo Kids Hoodie" sweater.

128. For example, the copyright management information from areas C1 and E1 identified below were removed.



129. Similarly, the White Oak version of COMFRT's clothing infringes the REALTREE® AP HD pattern.

130. A White Oak version is provided for COMFRT's Camo Hoodie, Camo Zip Hoodie, Camo Kids Hoodie, Camo Tee, Camo Crew, Camo Sweatpants, Camo Straight Leg Sweatpants, Camo Shorts, Camo Kids Sweatpants, and Camo Paw Hoodie (for dogs).

131. For example, the White Oak version of COMFRT's "Camo Hoodie"[13] copies the REALTREE® AP HD pattern and/or is a derivative work from the REALTREE® AP HD pattern.

132. The pattern used on the White Oak version of COMFRT's "Camo Hoodie" is

---

[13] https://comfrt.com/products/the-camo-hoodie?variant=43711355093036 (last visited March 27, 2026).

strikingly similar to the REALTREE® AP HD pattern as illustrated in the side-by-side comparison below.





133.    On information and belief, COMFRT repeats the portion of the REALTREE® AP HD pattern shown below in its White Oak products:



134.    On information and belief, the portion of the pattern is repeated as shown below. The portion is made partially transparent in the image below for the purposes of illustration. On information and belief, COMFRT uses elements from adjacent portions in the overlapping regions shown below. For example, COMFRT superimposes a pinecone and pinestraw in one pattern portion over a branch in another overlapping pattern portion.

29



135.    Copyright management information in the REALTREE® AP HD pattern was removed from the infringing White Oak products.

136.    For example, the copyright management information from areas A1, C1, D1, E1, and G1 identified below were removed.



137.   The enhanced portions of the infringing products shown herein are merely exemplary, and other portions of the Copyrighted Patterns were also copied and/or otherwise used to form a derivative work.

138.   On information and belief, the copyright management information was removed from the actual products that were sold by COMFRT, not just on the images of these products that were presented online.

139.   COMFRT incorporated Realtree's copyrighted camouflage patterns on its products without license or authorization from Realtree.

140.   COMFRT is not a licensee of Realtree.

141.    COMFRT has no ownership interest in the Realtree copyrights.

142.    On information and belief, COMFRT has continued to sell its products to others even after receiving notice of the copyrights at issue.

143.    COMFRT is aware that Realtree owns a valid copyright in the REALTREE® AP HD pattern.

144.    On December 4, 2025, a cease-and-desist letter was sent to COMFRT regarding COMFRT's use of the Copyrighted Patterns.

145.    In the cease-and-desist letter and in subsequent communications with COMFRT, Realtree informed the COMFRT representatives that COMFRT was manufacturing and selling products infringing the Copyrighted Patterns.

146.    Even after receiving notice of infringement, these infringing products are still actively being sold on COMFRT's website.

147.    Even after receiving notice of infringement, infringing products are still being advertised by COMFRT itself, with at least ninety-six different posts by COMFRT since December 4, 2025 and with at least twenty-four different posts by COMFRT in March alone.

148.    For example, a screenshot is shown below where the Camo Hoodie is being sold for various versions of the product.



149.    These infringing products are still actively being sold on COMFRT's TikTok page.

150.    For example, a screenshot is shown below where various infringing Petal Pink Oak products are still being sold on TikTok.



151.    These infringing products are still actively being sold on COMFRT's Instagram page.

152.    For example, a screenshot is shown below where various infringing products are still being sold on Instagram.



153.    On information and belief, COMFRT has continued to have infringing products made and imported since receiving notice of its infringement.

154.    COMFRT advertises its infringing products extensively.

155.    COMFRT has presented numerous advertisements on Facebook, Instagram, and other Meta related platforms presenting the accused products.

156.    Example of two infringing advertisements from the Meta Ad Library are presented below:



157.    COMFRT also has made numerous other infringing advertisements where it presented the infringing products, and one hundred thirty seven (137) examples of these advertisements are listed in Exhibit 5.

158.    These advertisements amount to acts of copyright infringement by reproducing the copyrighted works in copies and/or by displaying the copyrighted works publicly.

159.    These advertisements present the products and patterns as COMFRT's while omitting all references to Realtree.

160. These advertisements violate the DMCA as they amount to distributions of COMFRT's own copyright management information, knowing that the copyright management information of Realtree has been removed or altered.

161. These advertisements also intentionally removed copyright management information to conceal the fact that the patterns belonged to Realtree.

162. These advertisements amount to violations of the DMCA as they amount to distributions of copies of works knowing that copyright management information has been removed or altered without the authority of the copyright owner or the law.

163. COMFRT also relies a significant amount on brand ambassadors to advertise for COMFRT.

164. Examples of two advertisements from the Meta Ad Library from brand ambassadors are presented below:



165.    Brand ambassadors have also made numerous other infringing advertisements where they presented the infringing products on behalf of COMFRT, and one hundred seventy four (174) examples of these advertisements are listed in Exhibit 6.

166.    These advertisements for brand ambassadors are provided with a link to COMFRT's website so that viewers may quickly purchase products after viewing them on social media.

167.    These advertisements by brand ambassadors amount to acts of copyright

infringement by reproducing the Copyrighted Patterns in the advertisements and/or by displaying the Copyrighted Patterns publicly.

168. These advertisements by brand ambassadors present the products and patterns as COMFRT's while omitting all references to Realtree.

169. These advertisements by brand ambassadors violate the DMCA as they amount to distributions of COMFRT's own copyright management information, knowing that the copyright management information of Realtree has been removed or altered.

170. These advertisements by brand ambassadors also intentionally removed copyright management information to conceal the fact that the patterns belonged to Realtree.

171. These advertisements by brand ambassadors amount to violations of the DMCA as they involve distributions of copies of works knowing that copyright management information has been removed or altered without authority of the copyright owner or the law.

172. COMFRT receives direct financial benefits from its brand ambassadors.

173. For example, COMFRT receives increased sales and increased exposure as a result of its brand ambassadors' efforts.

174. COMFRT has the right and ability to supervise its brand ambassadors.

175. COMFRT's website states that brand ambassadors "[i]ntegrate Comfrt into [their] everyday wear and promote the lifestyle on [their] social media to start earning money (IG, TikTok, etc.)."[14]

176. At Mastermind LA 2025, COMFRT's CEO stated that content creators are "an unbelievable way to scale your business." He also stated that content creators "are very important—it's the most f****** important thing you can do. If you do not hear anything today—content creators, building relationships, founder to creator, is the most important thing."

177. COMFRT's CEO also stated that his goal with his advertising is to "create FOMO

---

[14] https://comfrt.com/content/ambassador (last visited March 27, 2026).

and scarcity at the end of the content, which is the call to action."[15]

178. On information and belief, FOMO in this context means "fear of missing out."

179. On information and belief, COMFRT directs its brand ambassadors to invoke in their viewers a fear of missing out.

180. For example, brand ambassadors repeatedly note that sales of 60 percent off or 70 percent off are not going to last, or that the infringing camo products are not in stock.

181. On information and belief, COMFRT has terms and conditions that it has entered into with its brand ambassadors.[16]

182. The terms and conditions state that brand ambassadors represent and warrant that they will "not violate, infringe, or misappropriate the intellectual property, proprietary, privacy, or publicity rights or other rights of any third party in connection with your participation in the Program."

183. As noted in the Overview section of the COMFRT Ambassador Program Terms and Conditions,

**FAILURE TO COMPLY WITH THESE TERMS WILL RESULT IN IMMEDIATE TERMINATION OF YOUR AMBASSADOR ACCOUNT AND ALL RELATED PRIVILEGES, AS WELL AS FORFEITURE OF ALL UNPAID COMMISSIONS THAT HAVE BEEN EARNED THROUGH YOUR PARTICIPATION IN THE AMBASSADOR PROGRAM.**

184. The Permitted Uses of Your Ambassador Link section of the COMFRT Ambassador Program Terms and Conditions states that "Comfrt provides regular guidance and updates regarding permitted usage" for brand ambassadors and that brand ambassadors "are further obligated to monitor such guidance and updates, and shall be presumed to be, and held responsible to be, familiar with such materials."

---

[15]https://www.linkedin.com/feed/update/urn:li:activity:7381139364266938368/?utm_source=share&utm_medium=member_desktop&rcm=ACoAABm_0acBVGhUNimn4Y4cjiUwcLuBFzvMkGA (last visited March 27, 2026).

[16] https://comfrt.com/content/ambassador-program-terms-and-conditions (last visited March 27, 2026).

185.    The Prohibited Uses of Your Ambassador Link section of the COMFRT Ambassador Program Terms and Conditions states that "Comfrt also provides regular guidance and updates regarding prohibited uses" for brand ambassadors and that brand ambassadors "are further obligated to monitor such guidance and updates, and shall be presumed to be, and held responsible to be, familiar with such materials."

186.    Upon information and belief, COMFRT provides brand ambassadors with a discount for any COMFRT purchases they make.[17]

187.    Upon information and belief, COMFRT provides a commission on every sale that is made as a result of a brand ambassador's advertising.[18]

188.    As noted above and as illustrated below, COMFRT continues to sell its own camouflage products using the TIMBER Mark.

---

[17] https://www.linkedin.com/posts/hudson-leogrande-112891231_mastermind-la-2025-ugcPost-7407493503548624896-WyHU?utm_source=share&utm_medium=member_desktop&rcm=ACoAABm_0acBVGhUNimn4Y4cjiUwcLuBFzvMkG (last visited Mar. 27, 2026).
[18] https://www.linkedin.com/posts/hudson-leogrande-112891231_mastermind-la-2025-ugcPost-7407493503548624896-WyHU?utm_source=share&utm_medium=member_desktop&rcm=ACoAABm_0acBVGhUNimn4Y4cjiUwcLuBFzvMkG (last visited Mar. 27, 2026).



189.    For example, COMFRT sells a Timber edition of its Camo Hoodie, its Camo Sweatpants, its Camo Straight Leg Sweatpants, and its Camo Zip Hoodie.

190.    COMFRT advertises and sells products bearing the TIMBER Mark on its website.

191.    COMFRT advertises and sells products bearing the TIMBER Mark on TikTok as discussed above.

192.    COMFRT advertises and sells products bearing the TIMBER Mark on Instagram as discussed above.

193.    Products bearing the TIMBER Mark are also sold at Epic Outfitters.[19]

194.    By advertising and selling infringing products and products bearing the TIMBER Mark, COMFRT is causing substantial harm to Realtree.

195.    By advertising and selling infringing products and products bearing the TIMBER Mark, COMFRT is causing substantial harm to Realtree and other companies that have lawfully obtained a license from Realtree.

---

[19] https://www.epicstores.com/blogs/news/comfrt?_pos=1&_sid=09f3e6957&_ss=r (last visited March 27, 2026).

## COUNT I

### 17 U.S.C. § 106 – COPYRIGHT INFRINGEMENT

196.    Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

197.    Realtree's Copyrighted Patterns constitute original, creative pictorial, graphic, and sculptural works that are protected pursuant to 17 U.S.C. § 102(a)(5).

198.    COMFRT reproduced Realtree's Copyrighted Patterns on certain of its products.

199.    By reproducing Realtree's Copyrighted Patterns on certain of its products, COMFRT has committed acts that violate Realtree's exclusive right to reproduce its works under 17 U.S.C. § 106(1).

200.    By reproducing Realtree's Copyrighted Patterns in advertisements, COMFRT has committed acts that violate Realtree's exclusive right to reproduce its patterns under 17 U.S.C. § 106(1).

201.    These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

202.    Advertisements presented by brand ambassadors reproduce Realtree's Copyrighted Patterns.

203.    By causing third parties to reproduce the Copyrighted Patterns, COMFRT has caused the third parties to violate Realtree's exclusive right to reproduction under 17 U.S.C. § 106(1).

204.    To the extent that the patterns displayed on the COMFRT's products are in any way derived from one of the Copyrighted Patterns, the resultant products and advertisements are violations of Realtree's exclusive right to prepare derivative works under 17 U.S.C. § 106(2).

205.    These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

206.    To the extent that the patterns displayed on the COMFRT's products are in any way derived from one of the Copyrighted Patterns, advertisements presented by brand ambassadors amount to infringing derivative works of Realtree's Copyrighted Patterns.

207.    COMFRT has caused the third parties to violate Realtree's exclusive right to create

42

derivative works under 17 U.S.C. § 106(2).

208. COMFRT has distributed the Copyrighted Patterns to the public by sale or other transfer of ownership, or by rental, lease, or lending, in violation of 17 U.S.C. § 106(3).

209. These distributions include sales or other transfers of products bearing the Copyrighted Patterns.

210. Upon information and belief, COMFRT continues to distribute products bearing the Copyrighted Patterns thereon.

211. By distributing Realtree's Copyrighted Patterns, COMFRT has violated Realtree's exclusive right to distribute its Copyrighted Patterns under 17 U.S.C. § 106(3).

212. COMFRT has presented its infringing products on its website, in advertisements, and/or on other websites.

213. COMFRT's presentation of its infringing products online constitutes a public display that violates Realtree's exclusive right to public display under 17 U.S.C. § 106(5).

214. Other brand ambassadors present or have presented COMFRT's infringing products on their social media accounts.

215. The brand ambassadors' actions in presenting COMFRT's infringing products on the third parties' social media accounts constitutes a public display by the brand ambassadors that violates Realtree's exclusive right to public display under 17 U.S.C. § 106(5).

216. COMFRT has caused the third parties to violate Realtree's exclusive right to public display of its Copyrighted Patterns under 17 U.S.C. § 106(5).

217. The foregoing acts of COMFRT constitute copyright infringement in violation of 17 U.S.C. § 501.

218. On information and belief, to the extent one or more third-party manufacturers made the infringing products, COMFRT directed these third-party manufacturers on the design to be used for these infringing products.

219. COMFRT is jointly and severally liable for infringement of its brand ambassadors described herein, as a matter of direct, contributory, and vicarious liability.

220. On information and belief, COMFRT has a financial interest in the affairs and activities of any third-party or had such a financial interest at relevant times.

221. This financial interest is readily apparent based on the increased sales that COMFRT obtains as a result of its brand ambassadors' efforts and its own CEO's statements about the importance of these brand ambassadors.

222. On information and belief, COMFRT receives financial compensation for any sales that are made as a result of a brand ambassador's advertising or from products made by third-party manufacturers.

223. On information and belief, COMFRT controls, has controlled, and/or has had the power to control the affairs and activities of the brand ambassadors or the third-party manufacturers now or at relevant times in the past.

224. The provisions in the terms and conditions between COMFRT and its brand ambassadors show that COMFRT has the right to terminate the ambassador accounts for infringements made by brand ambassadors.

225. On information and belief, COMFRT has the ability to ask the manufacturer to change the design or to use another design altogether.

226. COMFRT intentionally induced or materially contributed to the infringing posts made by brand ambassadors.

227. COMFRT has the right and ability to supervise the infringing activity of the brand ambassadors or the third-party manufacturers as alleged herein or had the right and ability to do so at relevant times.

228. COMFRT has provided creative direction and guidance on permitted usage and prohibited uses to the brand ambassadors.

229. COMFRT is vicariously or contributorily liable for the infringing actions alleged herein relating to its brand ambassadors.

230. COMFRT personally participated in the infringing activity described herein.

231. For example, COMFRT made numerous social media posts promoting its

infringing products.

232.    COMFRT is still actively selling its infringing products.

233.    On information and belief, COMFRT is directly supervising or has directly ordered the creation of infringing social media posts made by the brand ambassadors.

234.    On information and belief, COMFRT performed the above acts of infringement of Realtree's copyrights with knowledge of and in disregard of Realtree's rights therein.

235.    As a direct and proximate result of COMFRT's infringement, Realtree has suffered, and will continue to suffer, actual damages.

236.    Realtree is informed and believes, and thereupon alleges, that COMFRT has also realized unjust profits, gains, funds, and advantages as a proximate result of its infringement.

237.    Realtree is entitled to its actual damages and any gains, profits and advantages obtained by COMFRT as a result of its acts of infringement.

238.    Alternatively, as a result of COMFRT's willful conduct, Realtree is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 for each of Realtree's works that COMFRT has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

239.    Realtree further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

240.    The aforesaid acts have irreparably damaged Realtree and will continue to irreparably damage Realtree unless enjoined by this Court, as a result of which Realtree is without an adequate remedy at law.

## COUNT II
### 17 U.S.C. § 1202 — REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

241.    Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

242.    COMFRT has, without the authority of Realtree or the law, removed or altered

45

copyright management information from its infringing camouflage products.

243. The removal or alteration of copyright management information by COMFRT was intentional.

244. Copyright management information on Realtree's camouflage patterns, including the notice of registration for certain marks, was removed by COMFRT from the copies of the Realtree camouflage patterns at issue.

245. Therefore, COMFRT has violated 17 U.S.C. § 1202(b)(1).

246. COMFRT has distributed and/or imported for distribution, copyright management information such as Realtree's name and the name of the copyrighted patterns that were copied, with COMFRT knowing that the copyright management information has been removed or altered.

247. The actions in the preceding paragraph were performed without the authority of Realtree or the law.

248. Therefore, COMFRT has violated 17 U.S.C. § 1202(b)(2).

249. Additionally, COMFRT's brand ambassadors have distributed and/or imported for distribution, copyright management information such as Realtree's name and the name of the copyrighted patterns that were copied, knowing that the copyright management information has been removed or altered.

250. These actions by the brand ambassadors were performed without the authority of Realtree or the law.

251. Therefore, COMFRT has violated 17 U.S.C. § 1202(b)(2).

252. COMFRT's manufacturers also violated 17 U.S.C. § 1202(b) by intentionally removing copyright management information such as Realtree's name and the name of the copyrighted patterns from the copyrighted patterns, by distributing or importing for distribution the copyright management information of COMFRT knowing that Realtree's copyright management information was removed, and/or by distributing or importing for distribution works or copies of works knowing that Realtree's copyright management information was removed.

253. COMFRT is jointly and severally liable for the DMCA violations of its brand

ambassadors and its manufacturers described herein, as a matter of direct, contributory, and/or vicarious liability.

254. On information and belief, COMFRT has a financial interest in the affairs and activities of any third-party or had such a financial interest at relevant times.

255. This financial interest for brand ambassadors is readily apparent based on the increased sales that COMFRT obtains as a result of its brand ambassadors' efforts and its own CEO's statements about the importance of these brand ambassadors.

256. On information and belief, COMFRT receives financial compensation for any sales that are made as a result of a brand ambassador's advertising or from products made by third-party manufacturers.

257. On information and belief, COMFRT controls, has controlled, and/or has had the power to control the affairs and activities of the brand ambassadors or the third-party manufacturers now or at relevant times in the past.

258. The provisions in the terms and conditions between COMFRT and its brand ambassadors show that COMFRT has the right to terminate the ambassador accounts for infringements made by brand ambassadors.

259. On information and belief, COMFRT has the ability to ask the manufacturer to change the design or to use another design altogether.

260. COMFRT intentionally induced or materially contributed to the infringing posts made by brand ambassadors.

261. COMFRT has the right and ability to supervise the infringing activity of the brand ambassadors or the third-party manufacturers, as alleged herein, or had the right and ability to do so at relevant times.

262. COMFRT has provided creative direction and guidance on permitted usage and prohibited uses to the brand ambassadors.

263. COMFRT personally participated in the infringing activity described herein.

264. For example, COMFRT made numerous social media posts promoting its

infringing products.

265. COMFRT is still actively selling its infringing products.

266. On information and belief, COMFRT is directly supervising or has directly supervised the creation of infringing social media posts made by the brand ambassadors.

267. As a direct and proximate result of COMFRT's violations, the brand ambassadors' violations, and the manufacturer's violations, Realtree has suffered, and will continue to suffer, actual damages.

268. Realtree is informed and believes, and thereupon alleges, that COMFRT has also realized unjust profits, gains, funds, and advantages as a proximate result of the foregoing acts of infringement.

269. Pursuant to 17 U.S.C. § 1203, Realtree is entitled to relief and remedies for each of COMFRT's multiple violations of the DMCA, including, without limitation: (A) an award of damages pursuant to 17 U.S.C. § 1203, including, without limitation, statutory damages for each violation of 17 U.S.C. § 1202 of $25,000.00 (and not less than $2,500.00) per act, or actual damages and all additional profits of COMFRT; (B) treble damages if applicable; (C) recovery of Realtree's costs; (D) an award of attorneys' fees to Realtree; (E) an order for remedial modification or destruction of any devices or products involved in a violation of the DMCA that are in the custody or control of COMFRT or have been impounded; (F) temporary and permanent injunctions on such terms as the Court deems reasonable to prevent or restrain COMFRT' violations of the DMCA; and (G) an order to impound devices or products that are in the custody or control of COMFRT that the Court has reasonable cause to believe were involved in a violation of the DMCA.

270. The aforesaid acts have irreparably damaged Realtree and will continue to irreparably damage Realtree unless enjoined by this Court, as a result of which Realtree is without an adequate remedy at law.

## COUNT III

### 15 U.S.C. § 1125(A) — FALSE DESIGNATION OF ORIGIN

271. Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

272. Realtree is the owner of common law rights in the TIMBER Mark, which is distinctive or has acquired distinctiveness as a result of its longstanding and widespread use.

273. COMFRT has sold its camouflage products under the TIMBER Mark.

274. COMFRT's unauthorized use of the TIMBER Mark constitutes a wrongful and false representation to the consuming public that the Infringing Timber Goods sold by COMFRT are authorized by or affiliated with Realtree.

275. COMFRT's actions as described herein constitute violations of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of COMFRT with Realtree and/or as to the origin, sponsorship, and/or approval of the Infringing Timber Goods by Realtree.

276. These acts amount to false designations of origin.

277. Realtree has been damaged as a result of COMFRT's actions described herein.

278. On information and belief, COMFRT's sale of the Infringing Timber Goods has resulted in lost sales to Realtree, has reduced the business and profits of Realtree, and has injured the general reputation and goodwill of Realtree, all to Realtree's damage in an amount not yet ascertainable, but will be determined during this action.

279. Realtree alleges, on information and belief, that COMFRT has derived, received, and will continue to derive and receive from the aforementioned acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

280. On information and belief, COMFRT acted intentionally and/or willfully in using the TIMBER Mark on the Infringing Timber Goods, knowing that the TIMBER Mark belonged to Realtree and that COMFRT was not authorized to use the TIMBER Mark on the Infringing Timber

Goods.

281.     Among other things, the intentional and willful nature of COMFRT's conduct is evident based on the fact that the camouflage products using the TIMBER Mark also infringe Realtree's copyright in the REALTREE® EDGE PATTERN, demonstrating COMFRT's intent to confuse consumers into believing Realtree is affiliated, connected, or associated with the Infringing Timber Goods or that Realtree sponsors and/or approves of the Infringing Timber Goods.

282.     COMFRT's actions amount to an exceptional case and Realtree is entitled to recovery of treble damages and an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

283.     COMFRT's acts of violating 15 U.S.C. § 1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Realtree irreparable harm unless they are enjoined by this Court.

284.     On information and belief, COMFRT's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of COMFRT and/or the Infringing Timber Goods.

285.     The acts of trademark infringement committed by COMFRT have caused and will continue to cause, Realtree irreparable harm unless they are enjoined by this Court.

286.     Realtree has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT IV
### 15 U.S.C. § 1125(a) — UNFAIR COMPETITION

287.     Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

288.     Realtree is the owner of common law rights in the TIMBER Mark, which is distinctive or has acquired distinctiveness as a result of its longstanding and widespread use.

289. Realtree has competing products sold on its own website for hoodies, sweatshirts, jackets, and the like.

290. COMFRT has sold its camouflage products under the TIMBER Mark.

291. COMFRT's unauthorized use of the TIMBER Mark constitutes a wrongful and false representation to the consuming public that the infringing goods sold by COMFRT are authorized by or affiliated with Realtree, when they are not.

292. COMFRT's unauthorized use of the TIMBER Mark constitutes a wrongful and unfair business practice and marketplace bad faith.

293. COMFRT so acted for its own financial benefit in disregard to the harm being caused to Realtree.

294. COMFRT's actions as described herein constitute a violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of COMFRT with Realtree and/or as to the origin, sponsorship, and/or approval of the Infringing Timber Goods by Realtree.

295. Realtree has over 850 licensees, and COMFRT's acts of infringement amount to false representations to compete unfairly with Realtree and with Realtree's licensees who have lawfully obtained a license from Realtree.

296. By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT was another one of Realtree's licensees when COMFRT was not.

297. By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT's use of the mark and use of the camouflage patterns on the Infringing Timber Goods were approved by Realtree when they were not.

298. Realtree has been damaged as a result of COMFRT's actions described herein.

299. On information and belief, COMFRT's sale of the Infringing Timber Goods has resulted in lost sales to Realtree, has reduced the business and profits of Realtree, and has injured

the general reputation and goodwill of Realtree, all to Realtree's damage in an amount not yet ascertainable, but will be determined during this action.

300.    On information and belief, COMFRT has derived, received, and will continue to derive and receive from the aforementioned acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined during this action.

301.    On information and belief, COMFRT acted intentionally and/or willfully in using the TIMBER Mark on the Infringing Timber Goods, knowing that the TIMBER Mark belonged to Realtree, and that COMFRT was not authorized to use the TIMBER Mark on the Infringing Timber Goods.

302.    Among other things, the intentional and willful nature of COMFRT's conduct is evident based on the fact that the camouflage products using the TIMBER Mark also infringe Realtree's copyright in the REALTREE® EDGE PATTERN, demonstrating COMFRT's intent to confuse consumers into believing Realtree is affiliated, connected, or associated with the Infringing Timber Goods or that Realtree sponsors and/or approves of the Infringing Timber Goods.

303.    COMFRT's actions amount to an exceptional case and Realtree is entitled to recovery of treble damages and an award of reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

304.    COMFRT's acts of violating 15 U.S.C. § 1125(a), directly and/or in contributory or vicarious manner, have caused, and will continue to cause, Realtree irreparable harm unless they are enjoined by this Court.

305.    On information and belief, COMFRT's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of COMFRT and/or the Infringing Timber Goods.

306.    The acts of trademark infringement committed by COMFRT have caused and will continue to cause, Realtree irreparable harm unless they are enjoined by this Court.

307.    Realtree has no adequate remedy at law and is thus damaged in an amount not yet

determined.

## COUNT V

### TRADEMARK INFRINGEMENT UNDER COMMON LAW

308. Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

309. Realtree is the senior owner of valid and protectable common law trademark rights in the TIMBER Mark.

310. COMFRT's unauthorized use of the TIMBER Mark constitutes a wrongful and false representation to the consuming public that the Infringing Timber Goods sold by COMFRT are authorized by or affiliated with Realtree, when they are not.

311. COMFRT so acted for its own financial benefit in disregard to the harm being caused to Realtree and its licensees.

312. In violation of the common law of the State of Florida, COMFRT's acts described herein constitute trademark infringement, false designations of origin, and false or misleading descriptions that are likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of COMFRT with Realtree and as the origin, sponsorship, or approval of COMFRT's unauthorized products by Realtree.

313. Realtree has over 850 licensees, and COMFRT's acts of infringement amount to false representations to compete unfairly with Realtree and with Realtree's licensees who have lawfully obtained a license from Realtree.

314. By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT was another one of Realtree's licensees when COMFRT was not.

315. By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT's use of the mark and use of the camouflage patterns on the Infringing Timber Goods

were approved by Realtree when they were not.

316. On information and belief, COMFRT's actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation of COMFRT and/or the Infringing Timber Goods.

317. Realtree has been damaged by COMFRT's acts of common law trademark infringement, false designations of origin, and false or misleading descriptions.

318. The acts committed by COMFRT have caused and will continue to cause, Realtree irreparable harm unless they are enjoined by this Court.

319. Realtree has no adequate remedy at law and is thus damaged in an amount not yet determined.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

320. Realtree repeats and incorporates by reference Paragraphs 1 through 195 above, as if fully set forth herein.

321. Realtree is the senior owner of valid and protectable common law trademark rights in the TIMBER Mark.

322. COMFRT's unauthorized use of the TIMBER Mark constitutes wrongful and unfair business practices and marketplace bad faith, resulting in inaccurate representations to the consuming public that the Infringing Timber Goods sold by COMFRT somehow are authorized by or affiliated with Realtree.

323. COMFRT so acted for its own financial benefit in disregard to the harm being caused to Realtree.

324. COMFRT's acts described herein constitute unfair competition in violation of the common law of the State of Florida.

325. COMFRT's acts described herein are likely to cause confusion, mistake, and deceit as to affiliation, connection, or association of COMFRT with Realtree and as the origin,

sponsorship, or approval of COMFRT's unauthorized products by Realtree.

326.    By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT was another one of Realtree's licensees when COMFRT was not.

327.    By making its sales, offers for sale, and advertising of the Infringing Timber Goods using the TIMBER Mark, COMFRT's actions were likely to confuse customers into thinking that COMFRT's use of the mark and use of the camouflage patterns on the Infringing Timber Goods were approved by Realtree when they were not.

328.    Realtree has been damaged by COMFRT's acts of common law unfair competition.

329.    COMFRT's actions described herein have caused, and will continue to cause, Realtree to suffer irreparable harm unless enjoined by this Court.

330.    Realtree has no adequate remedy at law and is thus damaged in an amount not yet determined.

## JURY DEMAND

331.    Realtree demands a trial by jury on all disputed issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Realtree requests a judgment against COMFRT as follows:

A.    That COMFRT has violated the Copyright Act, including 17 U.S.C. § 501, *et seq*.

B.    That COMFRT has violated the Digital Millennium Copyright Act (DMCA), including 17 U.S.C. §§ 1202, *et seq.*

C.    That COMFRT has violated the Lanham Act, including 15 U.S.C. § 1125, by committing acts of trademark infringement, false designations of origin, and unfair competition.

D.    That COMFRT has committed common law trademark infringement.

E.    That COMFRT has committed common law unfair competition.

F. That COMFRT, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with them, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

1. infringing Realtree's copyrights;

2. infringing Realtree's trademarks;

3. committing any acts of unfair competition against Realtree;

4. copying or otherwise reproducing in whole or in part Realtree's copyrighted designs or derivatives thereof;

5. manufacturing, marketing, distributing, displaying, importing, exporting, selling, or offering for sale products bearing any copyrighted Realtree material, or derivatives thereof;

6. manufacturing, marketing, distributing, displaying, importing, exporting, selling, or offering for sale products bearing any Realtree marks;

7. falsifying, removing, or altering Realtree's copyright management information in violation of 17 U.S.C. § 1202;

8. engaging in any other activity, including the effectuation of assignments or transfers of interests in counterfeits, simulations, reproductions, copies, derivative works, or colorable imitations of any copyrighted Realtree material, or any other intellectual property of Realtree, including the formation of other corporations, partnerships, associations or other entities or the use of any other devices, to circumvent, evade, avoid or otherwise violate the prohibitions set forth herein.

G. That COMFRT be ordered to pay Realtree all profits realized by COMFRT by reason of the unlawful actions as set forth herein.

H. That COMFRT be ordered to pay Realtree all damages suffered, including statutory or actual damages at Realtree's election and in accordance with 17 U.S.C. §§ 504(c)

and 1203 by reason of COMFRT's acts of copyright infringement and acts harmful to Realtree's copyright management information as set forth here.

I.   Awarding Realtree remedies for violations of the Copyright Act (17 U.S.C. § 501, et seq.), including, without limitation:

1.   COMFRT's profits obtained as a result of its infringing conduct, including but not limited to all profits from sales of any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Patterns, or in the Court's discretion, such amount as the Court finds to be just and proper;

2.   damages sustained by Realtree as a result of COMFRT's infringing conduct, in an amount to be proven at trial; and

3.   should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits.

J.   That COMFRT be ordered to pay Realtree the cost of this action and reasonable attorney's fees and investigatory fees, pursuant to 17 U.S.C. § 505.

K.   Awarding Plaintiff remedies for violations of the Digital Millennium Copyright Act (17 U.S.C. §§ 1202, *et seq.*), including, without limitation:

1.   temporary and permanent injunctions on such terms as the Court deems reasonable to prevent or restrain COMFRT's violations of the DMCA pursuant to 17 U.S.C. § 1203(b)(1);

2.   an order to impound devices or products that are in the custody or control of COMFRT that the Court has reasonable cause to believe were involved in a violation of the DMCA pursuant to 17 U.S.C. § 1203(b)(2);

3.   damages pursuant to 17 U.S.C. §§ 1203(b)(3) and (c), including, without limitation, actual damages and all additional profits of COMFRT;

4.   should Plaintiff so elect, statutory damages of $25,000.00 for each violation of 17 U.S.C. § 1202;

5. costs pursuant to 17 U.S.C. § 1203(b)(4);

6. Plaintiff's attorney fees pursuant to 17 U.S.C. § 1203(b)(5);

7. an order for remedial modification or destruction of any devices or products involved in a violation of the DMCA that are in the custody or control of COMFRT or have been impounded pursuant to 17 U.S.C. § 1203(b)(6); and

8. treble damages pursuant to 17 U.S.C. § 1203(c)(4) if applicable.

L. Awarding Realtree remedies for violations of the Lanham Act, for unfair competition, and for common law trademark infringement, including, without limitation:

1. An award of COMFRT's profits and Realtree's damages for trademark infringement under 15 U.S.C §§ 1114 and 1117, trebled, in an amount to be proven at trial.

2. An award of COMFRT's profits and Realtree's damages for false designation of origin under 15 U.S.C. § 1125(a), trebled, in an amount to be proven at trial.

3. An award of COMFRT's profits and Realtree's damages for unfair competition under 15 U.S.C. § 1125(a), trebled, in an amount to be proven at trial.

4. An injunction by this Court prohibiting COMFRT, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, during the pendency of this action and permanently thereafter, from:

   i. using without permission any mark or other intellectual property right of Realtree;

   ii. acting to infringe any mark or other intellectual property right of Realtree;

   iii. falsely designating the origin of any product to be from Realtree;

   iv. engaging in unfair competition with Realtree;

58

   v. making further sales of the infringing products to any buyers, domestic or foreign;

   vi. presenting any photographs of the infringing products on its website, social media pages, or at any other location; or

   vii. acting in any other manner to derogate Realtree's intellectual property rights.

M. An injunction by this Court requiring COMFRT to:

 1. provide to Realtree the name and address of COMFRT's suppliers of Realtree Products.

 2. instruct its brand ambassadors to cease all social media posts presenting the infringing products.

N. An Order requiring that COMFRT provide complete accountings and for equitable relief, including that COMFRT disgorge and return or pay Realtree its ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution;

O. An Order that an asset freeze or constructive trust be imposed over all monies and profits in COMFRT's possession which rightfully belong to Realtree;

 1. Pursuant to 15 U.S.C. § 1118, an Order requiring that COMFRT and all others acting under COMFRT's authority, at their cost, be required to deliver up to Realtree for destruction all signs, prints, packages, wrappers, marketing materials, and other material in their possession, custody, or control bearing any of the Realtree Marks.

P. That COMFRT be ordered to destroy or deliver up for destruction all materials in its possession, custody, or control that were used by COMFRT in connection with its infringing conduct, including, without limitation, all remaining copies and inventory of any products and works that embody any reproduction or other copy or colorable imitation of any copyrighted Realtree material, as well as all means for manufacturing them.

Q.      That COMFRT, at its own expense, be ordered to recall any products and works that embody any reproduction or other copy or colorable imitation of any copyrighted Realtree material from any distributors, retailers, vendors, or others that have distributed such products, and that COMFRT be ordered to destroy or deliver up for destruction all materials returned to it.

R.      That COMFRT be ordered to pay Realtree prejudgment interest.

S.      Treble damages or enhanced damages.

T.      Realtree's reasonable attorneys' fees.

U.      All costs of suit.

V.      For post-judgment interest at the legal rate set forth in 28 U.S.C. § 1961 from entry of judgment in this action until paid in full.

W.      That Realtree has such other and further relief as this Court may deem just and proper.

Dated: March 30, 2026

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Ryan K. Todd*
**Ryan K. Todd** | Fla. Bar No. 91679
ryan.todd@nelsonmullins.com
2 S. Biscayne Blvd.
One Biscayne Tower, 21st Floor
Miami, Florida 33131
Tel: 305.373.9425

- and -

**Lucas Westby**
*Pro Hac Vice forthcoming*
lucas.westby@nelsonmullins.com
201 17th Street NW
Atlantic Station, Suite 1700
Atlanta, GA 30363
Tel: 404.322.6237

**John C. McElwaine**
*Pro Hac Vice forthcoming*

john.mcelwaine@nelsonmullins.com
151 Meeting Street
Liberty Center, Suite 600
Charleston, SC 29401

Jonathan D. Todd
*Pro Hac Vice forthcoming*
jonathan.todd@nelsonmullins.com
301 S. College Street, 23rd Floor
Charlotte, NC 28202

61